## CHANCELLOR *v.* STATE.

### Opinion delivered July 1, 1905.

ACCOMPLICE—CORROBORATION.—A conviction of murder upon the testimony of an accomplice was sufficiently corroborated by proof that defendants acted suspiciously before and after arrest, that one of them told the sheriff where to find the spoke with which the fatal blow was dealt, and that when the blood-stained spoke was brought to defendants one of them broke down and cried.

Appeal from Lafayette County.

CHARLES W. SMITH, Judge.

Affirmed.

Chancellor and Malloy were convicted of murder in the second degree, and have appealed.

*J. M. & R. L. Montgomery,* for appellant.

*Robert L. Rogers, Attorney General,* for appellee.

HILL, C. J. The appellants were indicted by the grand jury of Lafayette County, charged with the murder of Henry Evans. They were convicted of murder in the second degree, and given seven years each in the penitentiary, and have appealed to this court.

Henry Evans, Cleveland Jones, these appellants, and several other negroes were at Marryman's store, and Evans and Jones left together, and within less than a half hour appellants went in the same direction along the same path taken by Jones and Evans. Evans was never seen alive by any other persons after

he left Marryman's store, and about three weeks afterwards a decomposed body, with the skull crushed, found in the woods about a quarter of a mile from the path pursued by these parties, was identified as his. On the day before he was killed his employer paid him $18.55, consisting of $13.55 in silver and a five-dollar bill. Cleveland Jones was suspected of the murder, and was arrested, and the appellants sent for as witnesses, and their conduct excited suspicion; and later Jones made a statement to the effect that he and Evans stopped on the roadside, and appellants overtook them, and one of them, with a wagon spoke, struck Evans on the head, and afterwards robbed his body, taking therefrom ten silver dollars and two half dollars. He further said that while at the store one of the appellants asked him to take Evans out, and they would hold him up and rob him of his money, and offered him $2.50 if he would do this. It is shown that Evans was not as intelligent as the average darkey. Jones says he got scared when he saw them robbing the body, and ran away, and afterwards appellants came to him, and insisted on him taking $2.50, and told him to say nothing, and that Evans had gone on home. He obeyed this injunction until he was arrested himself, charged with the murder, after the discovery of Evans's body. No money was found on Evans's body. Jones's testimony on the trial was to the same effect as his statement to the deputy sheriff when arrested, as above outlined. This was the chief testimony against the appellants, and the main point argued on this appeal is that there is not sufficient corroboration of the accomplice to sustain the conviction. Conceding, without deciding, that he was an accomplice requiring corroboration, the court is of opinion that the evidence was sufficient. The appellants' suspicious conduct before arrest, and contradictory statements and efforts to manufacture testimony were shown. One of them, in the presence of the other, told the sheriff where to find the spoke with which the blow was dealt, and, when the blood-stained spoke was brought to the group of men where these appellants were, Chancellor broke down and cried. The proximity to the scene of the crime, the circumstance referred to and others in evidence were sufficient testimony to afford the corroboration required by law. *Kent* v. *State,* 64 Ark. 247. The defendants gave

plausible testimony as to their whereabouts, and were corroborated by some witnesses locating their presence at other places in accordance with their testimony; but a reasonable latitude for the approximation of time would not throw this testimony in conflict with Jones's. The defendants also proved good character for themselves. The jury doubtless had some doubts as to the truth of Jones's story, for a belief in it called for the death penalty, not seven years in the penitentiary; but those matters are solely in the province of the jury, and they have accepted Jones's testimony, corroborated as it is by the incriminating conduct of appellants, and these matters are not for review here.

It is insisted that, notwithstanding there was no demurrer to the indictment, nor motion in arrest of judgment, its sufficiency can be raised here; but, as the indictment is good, and the point made against it decided otherwise than contended for by appellants in *Powell* v. *State,* 74 Ark. 335, it is not worth while to pursue the subject further. The instructions were correct, and the appellants' fate settled by the jury. If Jones told the truth, their punishment is far too light; if he did not, it is their misfortune that a jury of their county would not credit their testimony. The judgment is affirmed.